ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
MARCUS F. CHANEY - State Bar No. 245227
mchaney@glaserweil.com
DAN LIU - State Bar No. 287074
dliu@glaserweil.com
GLASER WEIL FINK HOWARD
    AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

*Attorneys for Plaintiff*
*Bally Gaming, Inc. d/b/a Bally Technologies*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BALLY GAMING, INC., a Nevada corporation d/b/a Bally Technologies,<br><br>Plaintiff,<br><br>v.<br><br>CAREY RICHARDSON, an individual d/b/a The iApp Shop; and DOES 1-10,<br><br>Defendant. | CASE NO.:  2:14-cv-05634<br><br>**COMPLAINT FOR:**<br><br>**1. PATENT INFRINGEMENT**<br><br>**2. COPYRIGHT INFRINGEMENT**<br><br>**3. TRADEMARK INFRINGEMENT**<br><br>**4. FEDERAL UNFAIR COMPETITION**<br><br>**5. CALIFORNIA STATUTORY UNFAIR COMPETITION**<br><br>**6. CALIFORNIA COMMON LAW UNFAIR COMPETITION**<br><br>**[JURY TRIAL DEMANDED]** |

*Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP*

**COMPLAINT**

896961

Plaintiff Bally Gaming, Inc. d/b/a Bally Technologies ("Bally"), by and through its counsel, submits this Complaint against Defendant Carey Richardson d/b/a The iApp Shop ("Defendant") and alleges as follows:

## THE PARTIES

1.      Bally is a Nevada Corporation with its principal place of business at 6601 S. Bermuda Rd., Las Vegas, Nevada 89119.

2.      On information and belief, Defendant is an individual residing and doing business under the fictitious name The iApp Shop in Perrysburg, Ohio.

3.      Bally is unaware of the true names and capacities of Defendants sued hereunder as DOES 1 through 10 inclusive, and therefore sues these Defendants by such fictitious names.  Bally is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Bally's damages as herein alleged were proximately caused by their conduct.  Bally will amend this Complaint to allege the true names and capacities of the Defendants DOES 1 through 10 when ascertained.

## JURISDICTION AND VENUE

4.      This Complaint arises under the laws of the United States, specifically the patent, trademark, and copyright laws of the United States, 35 U.S.C. §271, et seq., 15 U.S.C. §§1114 and 1125, and 17 U.S.C. §101, et seq. This Court has original jurisdiction of this action under 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338. This Court has supplemental jurisdiction under 28 U.S.C. §1367 because the claims are so related as to form part of the same case or controversy.

5.      Personal jurisdiction and venue are proper in this district under 28 U.S.C. §§1391 and 1400(b).   On information and belief, Defendant offers software applications infringing Bally's intellectual property ("Infringing Apps") via the Internet directed at residents of California and this District, has conducted and/or solicited business in California and this District, has provided infringing products or services to the residents of California and this District, and/or has committed,

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1
**COMPLAINT**

contributed to, and/or induced acts of infringement in California and this District. Defendant purposefully directed his activities toward California and this District when he willfully infringed Bally's intellectual property rights, specifically targeted consumers here, and a substantial part of the harm was felt in California and this District.

6.    On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the California Long Arm Statute, due at least to his business in this forum directly related to the allegations set forth herein, including: (i) a portion of the infringement alleged herein, including making, using, selling, offering to sell, and/or importing products, services, methods and/or systems that infringe the patents-, trademarks-, and copyrights-in-suit; (ii) the presence of established distribution and/or marketing channels; and (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals and entities in California and this judicial district.

7.    On information and belief, Defendant has purposefully and voluntarily placed one or more infringing products or services into the stream of commerce by at least placing one or more Infringing Apps on the Apple, Inc. iTunes Store, such that these products or services would be accessible to consumers in California and this District.

8.    On information and belief, Defendant executed a Registered Apple Developer Agreement with Apple, Inc., subjecting himself to the laws of the State of California and to personal jurisdiction and venue in California.

9.    On information and belief, Defendant has availed himself of the benefits and privileges of conducting business in the State of California, at least through the Internet means, and therefore, the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

896961

## FACTUAL ALLEGATIONS

### Bally's Proprietary Games and Intellectual Property

10.    For decades, Bally has been a leading global supplier of innovative products and technologies for the gaming industry.  Among other assets, Bally owns a substantial portfolio of proprietary casino table games, electronic table systems, electronic gaming machines, and website games, which feature online versions of Bally's table games as well as online play-for-fun games, and associated intellectual property rights.

11.    Bally created and/or acquired the rights in the casino games entitled Three Card Poker, Three Card Poker Progressive, and their side bet, Pair Plus (individually and collectively, the "Bally Games").

12.    Through its marketing and promotional efforts, Bally popularized the Bally Games.

13.    Bally has developed and continues to develop electronic versions of its proprietary games, including the Bally Games, for use in connection with online casinos, social gaming sites, and mobile applications.

14.    Bally licenses the Bally Games to casino operators located in California and nationwide.

15.    In particular, Bally extensively licenses its intellectual property, including the Bally Games, to Indian Gaming Casinos throughout Southern California and this District.

16.    California has the largest Indian gaming casino market in the country with 60 operating Indian casinos that took in approximately $6.9 billion in revenues in 2013, nearly 25% of the total Indian casino revenues nationwide and the most of any state.  Twenty-one of those casinos are located in Southern California and thirteen are located within this District.

17.    Moreover, Southern California is the single largest source of visitors to Las Vegas, accounting for 26% of the 39.6 million total visitors (or approximately

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

896961

10.3 million visitors) in 2013, according to a survey by the Las Vegas Convention and Visitors Authority.  Thus, Southern California contains the single largest pool of gamblers in the nation that would be interested in learning or practicing Three Card Poker before trying their luck on Bally's tables in Las Vegas.

18.    On information and belief, Defendant actually or constructively knew that California's Indian Gaming Casino market is the largest in the country.

19.    Bally earns a substantial portion of its business revenue through licensing Bally Games and associated intellectual property rights to third parties worldwide.

20.    Bally is registered to do business in California through the California Secretary of State.

21.    Further, Bally's casino products and related services in California and this District are subject to stringent regulation and approval procedures by the California Gambling Control Commission ("CGCC").  Accordingly, Bally has several licenses from the CGCC, including Manufacturer & Distributor of Gambling Equipment – Vendor and Gaming Vendor Provider and Bally is included on the CGCC's list of Gaming Resource Suppliers (Vendors) Found Suitable by the CGCC.

## Bally's Patents

22.    Bally is the exclusive owner of all rights to United States Patent No. 6,698,759, entitled "Player Banked Three Card Poker and Associated Games" (the "'759 Patent"), including but not limited to the right to sue for damages.  The '759 Patent was duly issued by the United States Patent and Trademark Office on March 2, 2004.

23.    Bally is the exclusive owner of all rights to United States Patent No. 6,237,916, entitled "Method and Apparatus for Playing Card Games" (the "'916 Patent"), including but not limited to the right to sue for damages.  The '916 Patent was duly issued by the United States Patent and Trademark Office on May 29, 2001.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

896961

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

**Bally's Copyrights**

24.     Bally is the owner of copyrights in its proprietary Three Card Poker featuring Pair Plus Game Design and Layout, which was published as early as January 1, 1996.  On July 28, 2009, Bally registered the Three Card Poker featuring Pair Plus Game Design and Layout with the United States Copyright Office, Reg. No. VA1680816.



25.     On September 4, 2012, Bally also registered the Three Card Poker 1.0 computer file with the United States Copyright Office, Reg. No. TX7699199.

**Bally's Trademarks**

26.     Bally is the owner of several common law and federally registered trademarks which it has continuously used in California and nationwide in connection with entertainment services and games.

27.     Bally is the owner of a federal trademark registration, Reg. No. 3,011,356 issued by the USPTO on November 1, 2005, for the "Three Card Poker" Design depicted below for use on or in connection with "multiple player, stand alone interactive electronic game machine with video output."



28.     Bally is the owner of a federal trademark registration, Reg. No. 2,650,060 issued by the USPTO on November 12, 2002, for the "Three Card Poker" Design depicted below for use on or in connection with "software for the play of card

games."



29.    Bally is the owner of a federal trademark registration, Reg. No. 4,109,825 issued by the USPTO on March 6, 2012, for the "Three Card Poker" Design depicted below for use on or in connection with "software for providing a game of chance on a gaming platform that enables electronic credit wagering."



30.    Bally is the owner of a federal trademark registration, Reg. No. 2,397,403 issued by the USPTO on October 24, 2000, for the "Three Card Poker" Design depicted below for use on or in connection with "entertainment services; namely providing live casino games in gaming establishments."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.

THREE CARD POKER

31.    Bally is the owner of a federal trademark registration, Reg. No. 2,233,569 issued by the USPTO on March 23, 1999, for the "Three Card Poker" Design depicted below for use on or in connection with "playing cards, layout cloth, and instructions sold as a unit for playing casino card games."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065,

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

6
**COMPLAINT**

896961

1   and this registration is incontestable.



6   32.   Bally is the owner of a federal trademark registration, Reg. No.

7   4,199,195 issued by the USPTO on August 28, 2012, for the "Three Card Poker"

8   Design depicted below for use on or in connection with "entertainment services,

9   namely, providing a live game of chance on a gaming table that enables credit

10  wagering."



14  33.   Bally is the owner of a federal trademark registration, Reg. No.

15  3,623,808 issued by the USPTO on August 28, 2012, for the "Three Card Poker

16  Progressive" Design depicted below for use on or in connection with "entertainment

17  services, namely, providing a live game of chance with a progressive jackpot feature."

22  34.   Bally is the owner of a federal trademark registration, Reg. No.

23  2,395,326 issued by the USPTO on October 17, 2000, for the Fan Design depicted

24  below for use on or in connection with "entertainment services; namely providing live

25  casino games in gaming establishments."   Affidavits have been filed pursuant to

26  Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this

27  registration is incontestable.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

896961



35.     Bally is the owner of a federal trademark registration, Reg. No. 2,036,848 issued by the USPTO on February 11, 1997, for the Fan Design depicted below for use on or in connection with "casino card games."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.



36.     Reg. Nos. 3,011,356; 2,650,060; 4,109,825; 2,397,403; 2,233,569; and 4199,195 for the "Three Card Poker" Design, Reg. No. 3,623,808 for the "Three Card Poker Progressive" Design, and Reg. Nos. 2,395,326 and 2,036,848 for the Fan Design are collectively the "THREE CARD POKER" trademarks.

37.     Bally is the owner of a federal trademark registration, Reg. No. 4,234,994 issued by the USPTO on October 30, 2012, for "Pair Plus" for use on or in connection with "software for the play of card games."

38.     Bally is the owner of a federal trademark registration, Reg. No. 4,234,993 issued by the USPTO on October 30, 2012, for "Pair Plus" for use on or in connection with "layout cloth for casino card games."

39.     Bally is the owner of the common law trademark for "Pair Plus" which it has used continuously on or in connection with its proprietary games, including as a proprietary side bet in Bally's Three Card Poker game since at least 1995.

40.     Reg. Nos. 4,234,994 and 4,234,993 for "Pair Plus" and the common law trademark for "Pair Plus" are collectively the "Pair Plus" trademarks.

41.     Bally has extensively advertised, marketed, and promoted the Bally Games using the Three Card Poker Marks and Pair Plus Marks, which has cemented

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

896961

the public's identification of those Marks as designating Bally's products in California and throughout the nation.

42.    In particular, consumers have come to recognize one or more distinctive features as designating Bally products, including, but not limited to the Three Card Poker marks, Three Card Poker Progressive marks, and Pair Plus marks, as well as various other Bally trademarks, logos, and proprietary designs; Bally's proprietary card shuffler; a half-circle shaped playing board; the trade name of the game and/or logo prominently displayed in the center of the board; and other non-functional elements incorporated into Bally's proprietary games.

43.    The '759 and the '916 Patents, the Three Card Poker, Three Card Poker Progressive, and Pair Plus marks, and the Three Card Poker featuring Pair Plus Game Design and Layout constitute the Three Card Poker Intellectual Property, as defined above.

**Defendant's Wrongful and Infringing Activities**

44.    On information and belief, Defendant is a developer of online software, including online downloadable apps.  Without authorization or permission from Bally, Defendant develops, designs, manufactures, markets, distributes, displays, uses, and/or sells the Infringing Apps for various devices through Apple's iTunes Store at https://itunes.apple.com/us/artist/the-iapp-shop/id456080979,       its       website       at http://www.theiappshop.com/, and other means.

45.    On information and belief, Defendant develops, designs, manufactures, markets, distributes, displays, uses, and/or sells Infringing Apps, including but not limited to "3 Card Poker: Simulated Casino Gambling," which is described or has been described at least in part online at https://itunes.apple.com/us/app/3-card-poker-simulated-casino/id611176333?mt=8; "3 Card Poker Progressive: Simulated Casino Gambling," which is described or has been described at least in part online at https://itunes.apple.com/us/app/3-card-poker-progressive-simulated/id656636229?mt=8; and "Any Card Poker: 3 Card Poker, 4 Card Poker and

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

896961

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

5 Cards Stud Poker, Simulated Casino Gambling Table Card Game," which is described or has been described at least in part online at https://itunes.apple.com/us/app/any-card-poker-3-card-poker/id665903004?mt=8.

46.     On information and belief, Defendant has been and is directly infringing, inducing others to infringe, and/or contributorily infringing, literally, under the doctrine of equivalents, and/or jointly, one or more claims of the '759 Patent in California and this District, and elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing systems and methods that implement, utilize or otherwise embody the patented invention, including but not limited to the Infringing Apps.

47.     On information and belief, Defendant has been and is directly infringing, inducing others to infringe, and/or contributorily infringing, literally, under the doctrine of equivalents, and/or jointly, one or more claims of the '916 Patent in California and this District, and elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing systems and methods that implement, utilize or otherwise embody the patented invention, including but not limited to the Infringing Apps.

48.     On information and belief, Defendant copied, distributed, advertised, and/or sold, and continues to copy, distribute, advertise, and/or sell unauthorized Three Card Poker, Three Card Poker Progressive, and Pair Plus games and applications, which are substantially similar to and copy protected elements of Bally's proprietary Three Card poker featuring Pair Plus Game Design and Layout.

49.     On information and belief, Defendant copied protected elements of Bally's proprietary Three Card Poker and Three Card Poker Progressive, featuring Pair Plus, Game Design and Layout willfully and intentionally and with disregard for Bally's rights therein.

50.     On information and belief, Defendant's Infringing Apps are identical or confusingly similar to, and compete with Bally's Three Card Poker, Three Card Poker

Progressive, and Pair Plus Games.

51.     Defendant's use, offer for sale and sale of confusingly similar imitations of Bally's Three Card Poker, Three Card Poker Progressive, and Pair Plus games, using the same or similar marks, is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the Infringing Apps sold by Defendant are developed by, designed by, manufactured by, authorized by, or in some manner associated with Bally, which they are not.  The likelihood of confusion, mistake, and deception engendered by Defendant's misappropriation of Bally's trademarks is causing irreparable harm to the goodwill symbolized by these marks and the reputation for quality that they embody, in California and in this District.   On information and belief, Defendant continues to use, offers for sale, and sells confusingly similar imitations of Bally's Three Card Poker, Three Card Poker Progressive, and Pair Plus games that compete with the games manufactured and sold by Bally.

52.     On information and belief, Defendant has willfully, intentionally, and maliciously adopted and used confusingly similar imitations of Bally's Three Card Poker, Three Card Poker Progressive, and Pair Plus trademarks in connection with his Infringing Apps.

53.     On information and belief, Defendant advertises the Infringing Apps for sale in California and nationwide.

54.     On information and belief, Defendant is aware of Bally's business activities in California and this District in Indian gaming Casinos.

55.     On information and belief, Defendant's sale of the Infringing Apps in California and this District are substantial.

## COUNT I

## PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. §271

## Infringement of United States Patent No. 6,698,759

56.     Bally realleges and incorporates by reference each and every allegation

**COMPLAINT**

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

contained in the above paragraphs as if fully set forth herein.

57.     On information and belief, Defendant has been and is directly infringing, inducing others to infringe, and/or contributorily infringing, literally, under the doctrine of equivalents, and/or jointly, one or more claims of the '759 Patent in the State of California, in this District, and elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing systems and methods that implement, utilize or otherwise embody the patented invention, including by way of example the Infringing Apps.  Therefore, Defendant is liable for infringement of the '759 Patent.

58.     Defendant has been and is inducing and/or contributing to the direct infringement of the '759 Patent by at least, but not limited to, customers and end-users of its products, including but not limited to the Infringing Apps, which have no substantial non-infringing uses, by at least the following affirmative acts: (1) advertising in public and marketing the features, benefits, and availability of the accused systems, products, and services; (2) promoting the adoption and installation of the accused systems, products, and services; and (3) providing instructions on how to use the accused systems, products, and services.

59.     Defendant has knowledge of the '759 Patent and has had the specific knowledge that his Infringing Apps described above infringes the '759 Patent, since at least May 2014.

60.     Bally has been and is irreparably harmed by Defendant's infringement of the '759 Patent.  Bally has incurred substantial damages, including monetary damages.

## Infringement of United States Patent No. 6,237,916

61.     Bally realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

62.     On information and belief, Defendant has been and is directly infringing, inducing others to infringe, and/or contributorily infringing, literally, under the doctrine of equivalents, and/or jointly, one or more claims of the '916 Patent in the

State of California, in this District, and elsewhere in the United States by, among other things, making, using, selling, offering to sell, and/or importing systems and methods that implement, utilize or otherwise embody the patented invention, including by way of example the Infringing Apps. Therefore, Defendant is liable for infringement of the '916 Patent.

63.  Defendant has been and is inducing and/or contributing to the direct infringement of the '916 Patent by at least, but not limited to, customers and end-users of its products, including but not limited to the Infringing Apps, which have no substantial non-infringing uses, by at least the following affirmative acts: (1) advertising in public and marketing the features, benefits, and availability of the accused systems, products, and services; (2) promoting the adoption and installation of the accused systems, products, and services; and (3) providing instructions on how to use the accused systems, products, and services.

64.  Defendant has knowledge of the '916 Patent and has had the specific knowledge that his Infringing Apps described above infringes the '916 Patent, since at least May 2014.

65.  Bally has been and is irreparably harmed by Defendant's infringement of the '916 Patent.  Bally has incurred substantial damages, including monetary damages.

## COUNT II

## COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. §501

66.  Bally realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

67.  Bally is, and at all relevant times has been, the copyright owner, by way of assignment, of the Three Card Poker featuring Pair Plus Game Design and Layout. Bally owns rights under the Copyright Act to the Three Card Poker featuring Pair Plus Game Design and Layout, including the rights to reproduce, distribute, and display them.  The Three Card Poker featuring Pair Plus Game Design and Layout is wholly original with Bally and, as fixed in tangible media, is copyrightable subject

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

13

**COMPLAINT**

matter under the Copyright Act.

68.     Bally asserts that Defendant has copied, distributed, advertised, and/or sold, and continues to copy, distribute, advertise, and/or sell an unauthorized Three Card Poker game, which is substantially similar to and copies protected elements of Bally's Three Card Poker featuring Pair Plus Game Design and Layout.

69.     By engaging in this conduct, Defendant has acted in willful disregard of laws protecting Bally's copyrights.  Bally has sustained and will continue to sustain substantial damage to the value of its creative works, specifically including the Three Card Poker featuring Pair Plus Game Design and Layout.

70.     Bally has suffered and continues to suffer direct and actual damages as a result of Defendant's infringing conduct.  Bally is entitled to recover statutory damages or its actual damages as well as Defendant's profits generated from the promotion, distribution, sale, and offer for sale of Defendant's infringing products, pursuant to 17 U.S.C. §504, as well as enhanced damages for willful infringement.

71.     Bally has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage, including but not limited to lost sales and business opportunities and damage to Bally's reputation and brand as a result of the above-described acts.  On information and belief, Bally alleges that, unless enjoined by the Court, Defendant's infringing activity will continue, with attendant and irreparable harm to Bally.  Accordingly, Bally seeks preliminary and permanent injunctive relief pursuant to 17 U.S.C. §502.

72.     By reason of the foregoing, Bally has incurred and will continue to incur attorneys' fees and other costs in connection with the prosecution of its claims against Defendants, which Bally is entitled to recover from Defendant pursuant to 17 U.S.C. §505.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

# COUNT III

# TRADEMARK INFRINGEMENT

# IN VIOLATION OF 15 U.S.C §1114 *ET SEQ.*

73.    Bally realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

74.    Defendant is manufacturing, marketing, distributing, displaying, and selling applications and software in interstate commerce bearing the same and/or confusingly similar imitations of Bally's Three Card Poker, Three Card Poker Progressive, and Pair Plus marks.

75.    Defendant's manufacturing, marketing, distributing, displaying, and selling games and software in interstate commerce bearing the same and/or confusingly similar imitations of Bally's Three Card Poker, Three Card Poker Progressive, and Pair Plus marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's products are manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by Bally, or are associated or connected with Bally.

76.    Defendant has used marks confusingly similar to Bally's federally registered Three Card Poker, Three Card Poker Progressive, and Pair Plus marks in violation of 15 U.S.C. §1114.   Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and additional injury to Bally's goodwill and reputation as symbolized by the registered Three Card Poker, Three Card Poker Progressive, and Pair Plus marks, for which Bally has no adequate remedy at law.

77.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Bally's federally registered Three Card Poker and Pair Plus marks to Bally's great and irreparable injury.

78.    Defendant has caused and is likely to continue causing substantial injury to the public and to Bally, and Bally is entitled to injunctive relief and to recover

896961

1  Defendants' profits, actual damages, enhanced profits and damages, costs and

2  reasonable attorneys' fees under 15 U.S.C. §§1114, 1116 and 1117.

3                                    <u>COUNT IV</u>

4  <u>**FEDERAL UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C §1125**</u>

5      79.    Bally realleges and incorporates by reference each and every allegation

6  contained in the above paragraphs as if fully set forth herein.

7      80.    Defendant is using, offering for sale, and selling confusingly similar

8  imitations of Bally's Three Card Poker, Three Card Poker Progressive, and Pair Plus

9  common law trademarks, as described in this Complaint, which has caused and is

10 likely to cause confusion, deception, and mistake by creating the false and misleading

11 impression that the Infringing Apps are manufactured or distributed by Bally, are

12 affiliated, connected, or associated with Bally, or have the sponsorship, endorsement,

13 or approval of Bally.

14     81.    Defendant has made false representations, false descriptions, and false

15 designations of Bally's goods in violation of 15 U.S.C. §1125(a).   Defendant's

16 activities have caused and, unless enjoined by this Court, will continue to cause a

17 likelihood of confusion and deception of members of the trade and public, as well as

18 injury to Bally's goodwill and reputation as symbolized by the Three Card Poker,

19 Three Card Poker Progressive, and Pair Plus common law trademarks, for which

20 Bally has no adequate remedy at law.

21     82.    Defendant's actions demonstrate an intentional, willful, and malicious

22 intent to trade on the goodwill associated with Bally's Three Card Poker, Three Card

23 Poker Progressive, and Pair Plus common law trademarks, to the great and irreparable

24 injury of Bally.

25     83.    Defendant's conduct has caused, and is likely to continue causing,

26 substantial injury to the public and to Bally.  Bally is entitled to injunctive relief and

27 to recover Defendant's profits, actual damages, enhanced profits and damages, costs

28 and reasonable attorneys' fees under 15 U.S.C. §§1125(a), 1116 and 1117.

896961

## COUNT V

## CALIFORNIA STATUTORY UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200

84.     Bally realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

85.     Defendant's acts and practices, as alleged above, constitute unfair competition in violation of Cal. Bus. & Prof. Code §17200.  Defendant has engaged in unlawful, unfair, or fraudulent business practices within the meaning of Cal. Bus. & Prof. Code §17200.

86.     Defendant intentionally infringed the Bally Games, as alleged above, to purposefully trade off the goodwill and reputation of Bally and to confuse and deceive consumers by creating the false and misleading impression that Defendant's products are manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by Bally, or are associated or connected with Bally.

87.     On information and belief, Defendant performed the acts alleged herein intentionally, for the purpose of injuring Bally. The acts alleged herein continue to this day and present a threat to Bally, the general public, the trade and consumers.

88.     As a result of Defendant's wrongful acts, Bally has suffered and will continue to suffer loss of income, profits, and valuable business opportunities and if not preliminarily and permanently enjoined, Defendant will have unfairly derived and will continue to unfairly derive income, profits, and business opportunities as a result of his wrongful acts.

89.     Pursuant to Cal. Bus. & Prof. Code §17200, Bally seeks an order of this Court preliminarily and permanently enjoining Defendant from continuing to engage in the unlawful, unfair, or fraudulent acts or practices set forth herein, as well as restitution or disgorgement of any monies received by Defendants through such acts or practices.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

896961

## COUNT VI

## CALIFORNIA COMMON LAW UNFAIR COMPETITION

90.     Bally realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

91.     Defendant intended to use Bally's Three Card Poker, Three Card Poker Progressive, and Pair Plus marks, or confusingly similar imitations thereof, in a manner which is likely to confuse and mislead members of the relevant public as to the origin, sponsorship, approval or license of Defendant's products and as to the false association of said products with Bally.  Defendant's conduct as alleged herein was intended to confuse and mislead members of the public, and members of the public will believe that Bally sponsored, approved, or is affiliated with Defendant and that Bally originated, approved, or licensed Defendant's products.

92.     Defendant's conduct alleged herein infringes Bally's Three Card Poker and Pair Plus trademark rights and constitutes passing off and common law unfair competition with Bally, all of which has damaged and will continue to irreparably damage Bally's goodwill and reputation unless restrained by this Court, because Bally has no adequate remedy at law.

93.     Bally has suffered and continues to suffer direct and actual damages as a result of Defendant's Infringing Apps, including but not limited to lost sales and business opportunities and damage to Bally's reputation and the Three Card Poker and Pair Plus marks.  Bally is entitled to recover its actual damages as well as Defendant's profits generated from the promotion, distribution, sale, and offer for sale of Defendant's infringing products.

94.     Because Defendant's conduct alleged herein has been intentional, oppressive, malicious, fraudulent, and in willful disregard of Bally's rights, Bally is also entitled to recover punitive and exemplary damages.

95.     Bally has suffered, and if Defendant is not enjoined from his wrongful acts of common law trademark infringement, passing off and unfair competition, will

18
**COMPLAINT**

896961

continue to suffer great and irreparable injury, loss and damage to its rights in and to its Three Card Poker and Pair Plus marks and the goodwill associated therewith for which it has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Bally respectfully requests that this Court:

a.    enter judgment in favor of Bally that Defendant has infringed, and continues to infringe, Bally's intellectual property rights, including the valid and enforceable '759 and '916 Patents, the Three Card Poker, Three Card Poker Progressive, and Pair Plus marks, and the Three Card Poker copyright featuring Pair Plus Game Design and Layout.

b.    enjoin Defendant, its officers, subsidiaries, agents, servants, employees, and all persons in active concert with any of them, from any further infringement Bally's copyrights and trademarks in any manner, including but not limited to:

1) Using, displaying, advertising, promoting, registering, transferring, or assigning, including on or in connection with any products, services, promotional items, domain names or web sites, the Three Card Poker game, the Pair Plus feature, the Three Card Poker, Three Card Poker Progressive, and Pair Plus marks, the Three Card Poker featuring Pair Plus Game Design and Layout, or any confusingly similar variation thereof;

2) Using, offering for sale, or selling, any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by Bally, are sponsored or authorized by Bally, or are in any way connected or related to Bally;

3) Using, offering for sale, or selling, any trademark, logo, design, or source designation of any kind on or in connection with Defendant's

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

896961

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

goods that dilutes or is likely to dilute the distinctiveness of the trademarks or logos of Bally;

4) Passing off, palming off, or assisting in passing off or palming off Defendant's goods as those of Bally, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

5) Reproducing, distributing, displaying, selling or offering for sale products that copy protected elements of Bally's products, the Three Card Poker featuring Pair Plus Game Design and Layout or substantially similar variations thereof; and

6) Engaging in acts of Federal copyright or patent infringement or Federal or California statutory or common law trademark infringement, passing off or unfair competition that would damage or injure Bally and/or Bally's trademarks, logos, proprietary designs and/or other intellectual property.

c. order Defendant to cease offering for sale, marketing, promoting, and selling, to remove from stores and websites all products bearing Bally's Three Card Poker and Pair Plus marks, Bally's Three Card Poker featuring Pair Plus Game Design and Layout, or any other confusingly similar variation, which are in Defendant's possession or have been supplied by Defendant or under his authority, to any store or customer, including, but not limited to, any wholesaler, distributor, distribution center, retail store, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

d. order Defendant to deliver up for impoundment and for destruction, all games, apps, bags, boxes, labels, tags, signs, packages, advertising, sample books, promotional material, stationary, software, source code or other materials in the possession, custody, or under the control of Defendant's and/or Defendant's downstream distributors, bearing Bally's trademarks, copyrights, or any colorable

20

**COMPLAINT**

imitation thereof;

     e.    compel Defendant to account to Bally for any and all profits derived by Defendant from the sale or distribution of infringing goods as described in this Complaint;

     f.    finds that Defendant's acts of trademark infringement, copyright infringement, and unfair competition to be knowing and willful, an exception case within the meaning of 15 U.S.C. §1117 and 15 U.S.C. §504;

     g.    award Bally damages, including its actual damages (or statutory damages for certain acts of copyright infringement, if Bally so elects), Defendant's profits, treble and punitive damages, pre- and post-judgment interest, enhanced damages and costs pursuant to 35 U.S.C. §284, as well as its attorneys' fees and costs, in an amount to be ascertained pursuant to applicable laws, including, without limitation, 15 U.S.C. §1117, 15 U.S.C. §504, 35 U.S.C. §285, and California law; and

     h.    grant Bally such other relief as the Court deems just and equitable.

Date:  July 21, 2014          Respectfully submitted,

                   /s/   Adrian M. Pruetz
                   Adrian M. Pruetz
                   Erica J. Van Loon
                   Marcus F. Chaney
                   Dan Liu
                   GLASER WEIL FINK HOWARD
                     AVCHEN & SHAPIRO LLP

                   *Attorneys for Plaintiff*
                   *Bally Gaming, Inc. d/b/a Bally Technologies*

896961

# **DEMAND FOR JURY TRIAL**

Bally demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date:  July 21, 2014                              Respectfully submitted,

/s/    Adrian M. Pruetz
Adrian M. Pruetz
Erica J. Van Loon
Marcus F. Chaney
Dan Liu
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP

*Attorneys for Plaintiff*
*Bally Gaming, Inc. d/b/a Bally*
*Technologies*

22
**COMPLAINT**

896961