JS6

ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
MIEKE K. MALMBERG – State Bar No. 209992
mmalmberg@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
DAN LIU - State Bar No. 287074
dliu@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 282-6250
Facsimile:   (310) 785-3550

*Attorneys for Plaintiff*
*Bally Gaming, Inc. d/b/a Bally Technologies*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BALLY GAMING, INC., a Nevada corporation d/b/a Bally Technologies, <br><br>Plaintiff, <br><br> v. <br><br> CAREY RICHARDSON, an individual d/b/a The iApp Shop; and DOES 1-10, <br><br>Defendant. | CASE NO: 2:14-cv-05634 RSWL (JPRx) <br><br> **[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION** <br><br> Judge: Hon. Ronald S.W. Lew <br> Date: N/A <br> Time: N/A <br> Dept: 21 |

1  Bally Gaming, Inc. d/b/a Bally Technologies ("Bally") on the one hand, and
2  Defendant Carey Richardson ("Richardson") on the other (each a "Party," and
3  collectively the "Parties"), having consented to this judgment and the terms of the
4  permanent injunction set forth below, this Court hereby finds as follows:

5  1.  This Complaint arises under the laws of the United States, specifically
6  the patent, trademark, and copyright laws of the United States, 35 U.S.C. §271, *et*
7  *seq.*, 15 U.S.C. §§ 1114 and 1125, and 17 U.S.C. § 101, *et seq.* This Court has
8  original jurisdiction of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and
9  1338. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 because the
10 claims are so related as to form part of the same case or controversy.

11 2.  Personal jurisdiction and venue are proper in this district under 28 U.S.C.
12 §§1391 and 1400(b).  Richardson offers software applications infringing Bally's
13 intellectual property ("Infringing Apps") via the Internet directed at residents of
14 California and this District, has conducted and/or solicited business in California and
15 this District, has provided infringing products or services to the residents of California
16 and this District, and/or has committed, contributed to, and/or induced acts of
17 infringement in California and this District. Richardson purposefully directed his
18 activities toward California and this District when he willfully infringed Bally's
19 intellectual property rights, specifically targeted consumers here, and a substantial
20 part of the harm was felt in California and this District.

21 3.  Bally is, among other things, a leading manufacturer, global supplier and
22 licensor of innovative products, proprietary games and gaming machines, and other
23 technologies for the gaming industry.

24 4.  Bally owns intellectual property rights in its proprietary games, including
25 its names, logos, art, graphic designs, methods of play and other intellectual property.
26 More specifically, Bally owns and extensively uses several trademarks which are
27 well-known and famous throughout the United States and worldwide, including but
28 not limited to: U.S. Trademark Registration Numbers ("Reg. Nos.") 3,011,356;

2,650,060; 4,109,825; 2,397,403; 2,233,569; 4,199,195; 3,623,808; 2,395,326; and 2,036,848 for "Three Card Poker" word and design marks; and Reg. Nos. 4,234,994 and 4,234,993 for "Pair Plus" and the common law trademark for "Pair Plus" (collectively, the "Bally Trademarks"). Bally also owns several patents related to its proprietary games, including but not limited to: U.S. Patent No. 6,698,759 entitled "Player Banked Three Card Poker and Associated Games" and U.S. Patent No. 6,237,916 entitled "Method and Apparatus for Playing Card Games" (collectively the "Bally Patents"). Bally also owns several copyrights related to its proprietary games, including but not limited to U.S. Copyright Reg. No. VA1680816 for the Three Card Poker featuring Pair Plus Game Design and Layout, and Reg. No. TX7699199 for the Three Card Poker computer file (collectively the "Bally Copyrights"). The Bally Trademarks, Bally Patents, and Bally Copyrights shall be collectively referred to herein as the "Bally Intellectual Property".

5. Bally filed this action against Richardson alleging, *inter alia*, that without authorization or permission from Bally, Richardson has developed, designed, manufactured, marketed, distributed, displayed, used, and/or sold casino gaming applications for various devices through Apple's iTunes Store that infringe on the Bally Intellectual Property, including the following titles: "3 Card Poker: Simulated Casino Gambling", "3 Card Poker Progressive: Simulated Casino Gambling", and "Any Card Poker: 3 Card Poker, 4 Card Poker and 5 Cards Stud Poker, Simulated Casino Gambling Table Card Game" (the "Infringing Apps").

6. Bally has no adequate remedy at law and the alleged harm to Bally and to the public outweighs the harm to any legitimate interests of Richardson.

7. Bally, on the one hand, and Richardson on the other, desire to avoid the cost and expense of trial and to resolve the referenced disputes in a business-like fashion, but intend that the Court retain continuing jurisdiction in the event of the breach of the separate settlement agreement between Bally and Richardson relating to

this case (the "Settlement Agreement") or this Consent Judgment and Permanent Injunction, or other need for judicial intervention.

In accordance with the Settlement Agreement, the parties hereto stipulate and agree to this consent judgment and to the entry of a permanent injunction against Richardson in the form set forth below.

It is hereby ORDERED, ADJUDGED, and DECREED that:

1. <u>Bally's Intellectual Property is Valid and Enforceable</u>. The Bally Trademarks, Bally Copyrights, and Bally Patents, as defined above, are famous, valid and enforceable.

2. <u>Permanent Injunction against Richardson</u>. Richardson, and all of his agents, employees, representatives, customers, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Richardson, or in concert or participation with Richardson, are **permanently enjoined and restrained** from directly, or indirectly, infringing the Bally Intellectual Property in any manner, by:

   1) Using, displaying, advertising, promoting, distributing, selling, licensing, registering, transferring, or assigning, including on or in connection with any products, services, promotional items, domain names or web sites, the Infringing Apps or any other software program or application substantially or confusingly similar thereto;

   2) Using, offering for sale, or selling and product or service in connection with any trademark, logo, design, or source designation of any kind that is likely to cause confusion, mistake, deception, or public misunderstanding that such products or services are produced or provided by Bally, are sponsored or authorized by Bally, or are in any way connected or related to Bally;

   3) Using, offering for sale, or selling, any product or service in connection with any trademark, logo, design, or source designation of

any kind that dilutes or is likely to dilute the distinctiveness of the trademarks or logos of Bally;

4) Passing off, palming off, or assisting in passing off or palming off any goods or services as those of Bally, or otherwise continuing any and all acts of unfair competition as alleged in Bally's complaint;

5) Reproducing, distributing, displaying, selling or offering for sale any products that copy protected elements of the Bally Intellectual Property or substantially similar variations thereof;

6) Engaging in acts of federal copyright or patent infringement or federal or California statutory or common law trademark infringement, passing off or unfair competition that would damage or injure Bally and/or Bally's trademarks, logos, proprietary designs, patents, and/or other intellectual property; and

7) Using the phrase "Three Card Poker" or "Pair Plus" or any other similar mark in connection with any products or services.

3. <u>Payment of Settlement Sum</u>. Richardson shall pay Bally the agreed upon sum on the date set forth in the Settlement Agreement.

4. <u>Service</u>. Service may be made upon the Parties by registered mail or overnight delivery service (acceptance signature required) addressed as follows:

<u>To Richardson</u>: Carey Richardson, 49852 Valley Drive, Shelby Township, MI 48317.

<u>To Bally</u>: Bally Gaming, Inc. d/b/a Bally Technologies, Attn: Asst. General Counsel and Senior Director of IP, Michele McShane, 6650 El Camino Road, Las Vegas, Nevada 89118, copy to counsel for Bally, Adrian Pruetz, Glaser Weil Fink Howard Avchen & Shapiro LLP, 10250 Constellation Blvd., 19th Floor, Los Angeles, California 90067.

A copy of this Consent Judgment and Permanent Injunction shall be deemed sufficient notice under Federal Rule of Civil Procedure 65.

5. **Retention of Jurisdiction to Enforce Settlement Agreement and Consent Judgment and Permanent Injunction.** The Court retains jurisdiction to enforce the Parties' Settlement Agreement and the Consent Judgment and Permanent Injunction.

6. **Entry of Judgment.** The Court expressly determines that there is no just reason for delay in entering this Consent Judgment and Permanent Injunction pursuant to Federal Rule of Civil Procedure 54(a), and the Court enters this Consent Judgment and Permanent Injunction against Richardson.

7. **Expenses of the Action.** Each party shall bear its own costs and attorneys' fees in connection with this action.

**STIPULATED AND CONSENTED TO BY:**

DATED: February 19, 2015         BALLY GAMING, INC. d/b/a BALLY TECHNOLOGIES

By: _____

Name: Scott Schweinfurth

Title: EVP & CFO

DATED: February 19, 2015         CAREY RICHARDSON

By: _____

Name: Carey Richardson

IT IS SO ORDERED, ADJUDGED AND DECREED:
Dated: 6/26/2015            By: s/ RONALD S.W. LEW
                                SENIOR U.S. DISTRICT JUDGE